UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENMANUEL ISAIAS ERAZO MACHADO,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL BOYD, et al.,<br><br>    Defendants. | Case No. 4:24-cv-03525-KAW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 27 |

On December 12, 2024, Defendants Daniel Boyd, Rony Flores, Prince Nagi, and Uriel Vazquez filed a motion to dismiss the second amended complaint. (Defs.' Mot., Dkt. No. 27.)

On February 6, 2025, the Court held a hearing, and, for the reasons set forth below, GRANTS the motion to dismiss without leave to amend because any amendment would be futile.

## I. BACKGROUND

On June 11, 2024, Plaintiff Enmanuel Isaías Erazo Machado filed a lawsuit alleging civil rights violations against Defendant Petaluma Police Department and Petaluma Police Officers Daniel Boyd, Prince Nagi, Rony Flores, and Uriel Vazquez. (Dkt. No. 1.)

In September 2021, Plaintiff and Bessy Murillo ended their relationship that produced two children. (Second Am. Compl., "SAC," Dkt. No. 26 ¶ 1.) Plaintiff alleges that Murillo took his children to Sonoma County, California in violation of their custody agreement. (SAC ¶¶ 2-6.)

On April 19, 2023, Plaintiff and process server Karen Tabora traveled to Sonoma County and served custody papers on Murillo to appear in court in Liberty County, Texas. (SAC ¶ 8.) Upon arriving in Sonoma County, Plaintiff alleges that Murillo's new boyfriend "threat[ened] [Plaintiff] for see[ing] his daughters," which allegedly resulted in Plaintiff's family law attorney in Texas "recommend[ing] [Plaintiff]" take the children and "return with [them]" to Texas, without

Murillo's consent. (SAC ¶ 16.) This resulted in Murillo calling 911 to report the kidnapping, during which Plaintiff alleges Murillo told the 911 operator that Plaintiff had threatened Murillo, taken the children, and that Murillo was afraid Plaintiff would harm the children. (SAC ¶¶ 17-23.)

    Plaintiff alleges that Officer Nagi responded to Murillo's 911 call "to take the report of the incident," but that Murillo does not speak English, and therefore, Officer Vazquez arrived at the scene "to translate." (SAC ¶ 24.) Plaintiff further alleges that Officers Nagi and Vazquez "wrote a false report to comply [with] probable cause" and "ask[ed]" Detective Boyd to procure "a warrant for [Plaintiff's] arrest…." *Id.* Plaintiff alleges that the "police report" for the incident, which was based upon the statement given by Murillo, reflected that Plaintiff had "hit" Murillo's boyfriend, threw him on the floor, grabbed him by the neck, and attempted to strangle him, while Tabora covered the mouth of one of the children and put the children in Plaintiff's vehicle. *Id.* Plaintiff contends that the "police report" also reflects that Murillo's boyfriend was able to break away from Plaintiff and attempted to retreat by running into his home and closing the door, but Plaintiff followed him, broke the door to gain entry to the house, grabbed the other child, covered her mouth, and put her in his car before taking off back to Texas. *Id.* The Complaint fails to allege facts showing that the information in the police report was false or that the police officers knew or should have known that the information given to them was false.

    Thereafter, Detectives Boyd and Flores procured an Arrest Warrant for Plaintiff, executed by a judge of the Sonoma County Superior Court. (Defs.' Request for Judicial Notice, "Defs.' RJN," Dkt. No. 27-1, Ex. A.) The warrant found that probable cause existed to believe that Plaintiff had committed violations of California Penal Code §§ 422(a) (Threaten Crime with Intent to Terrorize), 207 (Kidnapping), 459 (Burglary), and 242 (Battery). *Id.* Plaintiff contends that the warrant lacked probable cause supporting Plaintiff's arrest, and that Defendant Boyd lied to obtain the warrant, but Plaintiff does not identify any facts to support that conclusion. (*See* SAC ¶ 25.)

    Defendants Boyd and Flores then "pinged" Plaintiff's cell phone to determine his location but did so without a warrant. (*See* SAC ¶ 26.) Detective Flores allegedly contacted the California Highway Patrol ("CHP") and requested that CHP look for Plaintiff's vehicle in Los Banos, California, where the CHP ultimately "arrest[ed] him at gunpoint…." (SAC ¶ 27.) Plaintiff

2

alleges he was arrested pursuant to the Ramey Warrant and charged with violating California Penal Code sections 207, 422, 459, and 242. (SAC ¶ 28.)

Plaintiff alleges that he remained in custody in the Fresno County jail for two days before he was transferred to the Sonoma County jail, where he stayed for two weeks. (SAC ¶ 29.) Plaintiff claims that he was eventually permitted to return to Texas with an ankle monitor one month after his criminal arraignment, but that a "restriction order" separated Plaintiff from his children for seven months, until a judge in Texas ordered the return of the children to Plaintiff in November 2023. (SAC ¶¶ 29-30.) Plaintiff alleges that the Sonoma County District Attorney dismissed the criminal charges against Plaintiff at the preliminary hearing. (SAC ¶ 30.)

On November 21, 2024, the Court granted Defendants' motion to dismiss the first amended complaint with leave to amend. (11/21/24 Order, Dkt. No. 25.) On November 28, 2024, Plaintiff filed the second amended complaint, in which he no longer named the Petaluma Police Department as a defendant. (*See* SAC ¶¶ 12-15.)

On December 12, 2024, Defendants filed the instant motion to dismiss. (Defs.' Mot., Dkt. No. 27.) On December 15, 2024, Plaintiff filed an opposition. (Pl.'s Opp'n, Dkt. No. 29.) On December 18, 2024, Defendants filed a reply. (Defs.' Reply, Dkt. No. 30.) On January 3 and 22, 2025, Plaintiff filed exhibits (Dkt. Nos. 32 and 36) without leave of court, which have been stricken and will not be considered in connection with this motion. (Order Striking Exhibits, Dkt. No. 37.)

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

3

1  there is an absence of "sufficient factual matter to state a facially plausible claim to relief."
2  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing
3  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation
4  marks omitted).

5       A claim is plausible on its face when a plaintiff "pleads factual content that allows the
6  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
7  *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more
8  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
9  do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of
10 a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also*
11 *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of
12 law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a
13 claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more
14 than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts
15 that are merely consistent with a defendant's liability, it stops short of the line between possibility
16 and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at
17 557) (internal citations omitted).

18      Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no
19 request to amend is made "unless it determines that the pleading could not possibly be cured by
20 the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations
21 omitted).

22     **B.**    **Request for Judicial Notice**

23      As a general rule, a district court may not consider any material beyond the pleadings in
24 ruling on a motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668,
25 688 (9th Cir. 2001).  A district court may take notice of facts not subject to reasonable dispute that
26 are "capable of accurate and ready determination by resort to sources whose accuracy cannot
27 reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331,
28 333 (9th Cir. 1993).  "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250

1   F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may
2   also consider "documents whose contents are alleged in a complaint and whose authenticity no
3   party questions, but which are not physically attached to the pleading" without converting a
4   motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*,
5   14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*,
6   307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts
7   which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388
8   (9th Cir. 1987).

### III.   DISCUSSION

#### A.   Request for Judicial Notice

As a preliminary matter, Defendants asks that the Court take judicial notice of two documents in support of their motion to dismiss. (Defs.' Req. for Judicial Notice, "RJN," Dkt. No. 27-1.) The documents are purportedly true and correct copies of: A) Arrest Warrant, issued by Superior Court of California for the County of Sonoma on April 20, 2023 by Judge Lawrence Ornell for the arrest of Enmanuel I. Erazo-Machado, finding probable cause to believe that Erazo-Machado committed violations of California Penal Code §§ 422(a) (Threaten Crime with Intent to Terrorize), 207 (Kidnapping), 459 (Burglary), and 242 (Battery); B) Search Warrant, issued by the Superior Court of California for the County of Sonoma on April 25, 2023 by Judge Julie Conger for the search of the contents of Plaintiff's cell phone, including data between January 1, 2021, and April 25, 2023. (RJN at 1, Exs. A & B.)

Plaintiff opposes the request for judicial notice on the grounds that "the arrest warrant was issued based on misleading statements regarding his actions, including claims of assault and kidnapping that he disputes." (Dkt. No. 28 at 2.)

Under Rule 201, facts appropriate for judicial notice are those "not subject to reasonable dispute" in that they are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). This

includes both arrest warrants and search warrants. *See, e.g., Cooley v. City of Walnut Creek*, No. 18-CV-00719-YGR, 2019 WL 1533430, at *2 (N.D. Cal. Apr. 9, 2019) (judicial notice taken of existence of arrest warrant and statement of probable cause and filing date.)

Since Exhibits A and B are warrants issued by Sonoma County Superior Court judges, the Court finds that they are properly subject to judicial notice. While Plaintiff may dispute their validity, it is undisputed that they were issued. Thus, the Court GRANTS Defendants' request for judicial notice.

### B. Motion to Dismiss

#### i. Failure to Satisfy Pleading Standards

Defendants again move to dismiss on the grounds that the first amended complaint fails to allege sufficient facts to support any of Plaintiff's claims. (Defs.' Mot. at 7-9.) Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).

Despite the Court's prior order providing Plaintiff with detailed guidance regarding the specificity of factual allegations necessary to satisfy Rule 8, the Second Amended Complaint still does not sufficiently identify the purported claims or actions Defendants took that were unlawful, which is insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555. As was the case with the FAC, the only facts pertaining to Defendants Nagi and Vazquez concern their responding to Murillo's 911 call to report the abduction of her children, and that Vazquez provided Spanish-language translation for Murillo. (*See* SAC ¶¶ 24, 32.) To the extent that Plaintiff argues that the officers changed the ex-wife's statements by making a false report to Defendant Boyd, Plaintiff does not allege which of the two officers made the purported changes. *See ids.* Similarly, Plaintiff does not explain how Defendant Boyd could have lied if he had been provided with a false report by the other officers. (*See* SAC ¶ 24.) As to Defendant Flores, Plaintiff only alleges that he was instructed by Defendant Boyd to ping his cellphone and to get his location, that Defendant Flores contacted California Highway Patrol to locate and arrest Plaintiff at gunpoint, and that Defendant Flores directed CHP to place Plaintiff under arrest. (SAC ¶¶ 26-28.) As such, the complaint still fails to plead sufficient facts of each defendant's purported

6

1  wrongdoing to provide fair notice of the claims alleged them and the grounds upon which those
2  claims rest.
3        Plaintiff has already had one opportunity to amend his complaint to state plausible civil
4  rights claims. "The fact that plaintiff failed to correct the deficiencies the Court previously pointed
5  out 'is a strong indication that the plaintiffs have no additional facts to plead.'" *In re InvenSense,*
6  *Inc. Sec. Litig.*, No. 15-CV-00084-JD, 2017 WL 11673462, at *3 (N.D. Cal. Apr. 12, 2017)
7  (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)).
8        Consequently, the second amended complaint is insufficiently pled and is separately
9  subject to dismissal with prejudice due to Plaintiff's repeated failure to comply with the *Iqbal-*
10 *Twombly* pleading standard.

      **ii.   Claims on the merits**

12       While the claims themselves are not sufficiently pled under *Iqbal-Twombly* and are subject
13 to dismissal with prejudice on that basis, the Court will further address each claim below.

      a.   <u>City of Petaluma</u>

15       Defendants note that the SAC no longer names the City of Petaluma, such that the City is
16 no longer a party to this action. (Defs.' Mot. at 1 n. 1.)  Plaintiff did not dispute this
17 characterization in the opposition.  Thus, the City of Petaluma is no longer a party to this case.

      b.   <u>§ 1983 Claims</u>

      1.   First Amendment claim

20       The first cause of action is for a First Amendment violation under 42 U.S.C. § 1983. (SAC
21 ¶¶ 31-32.)  While the operative complaint specifies that this claim is against the four individual
22 defendants, it still only generally alleges that Plaintiff's First Amendment right to familial
23 association was violated. (SAC ¶ 32.)
24       The First Amendment protects "expressive association," which typically involves the
25 "right to associate with others in pursuit of a wide variety of political, social, economic,
26 educational, religious, and cultural ends." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622, 104 S. Ct.
27 3244, 3252, 82 L. Ed. 2d 462 (1984).  This protection has been extended to family relationships,
28 including the parent-child relationship. *IDK, Inc. v. Clark Cnty.*, 836 F.2d 1185, 1194 (9th Cir.

1988).4 (citations omitted).  While the right to familial association is more commonly protected by the Fourteenth Amendment, the Ninth Circuit analyzes the First Amendment right under the Fourteenth Amendment framework. *Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001)).

The Fourteenth Amendment "substantive due process right to family or to familial association is well established," and the state's interference with this liberty interest without due process of law is remediable under section 1983. *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1079 (9th Cir. 2011) (citation omitted). "To amount to a violation of substantive due process, however, the harmful conduct must shock [ ] the conscience' or 'offend the community's sense of fair play and decency.'" *Rochin v. California*, 342 U.S. 165, 172-73 (1952).  The "shocks-the-conscience" standard is, depending on the circumstances, met either by showing that a defendant (1) acted with "deliberate indifference" or (2) with a "purpose to harm" for reasons unrelated to legitimate law enforcement objectives. *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008) (*citing Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Defendants again move to dismiss this claim on the grounds that Plaintiff fails to plead a constitutional violation. (Defs.' Mot. at 9.)  Specifically, Defendants contend that Plaintiff does not state a claim, because he does not allege that "he was engaged in an activity protected under the First Amendment at the time of his arrest and detention (to the contrary, he was actively engaged in the commission of multiple felonies), nor does he allege that his participation in a protected activity was a substantial or motivating factor in Defendants' alleged conduct, or how Defendants' alleged conduct would chill a person of ordinary firmness from continuing to engage in the protected activity." (Defs.' Mot. at 11.)  Defendants continue by arguing that "[e]ngaging in self-help to enforce an alleged civil custody order, by way of taking Plaintiff's children from his ex-wife without her consent and assaulting her new boyfriend, is not a protected activity under the First Amendment, and Plaintiff can present no authority to the contrary." *Id.* Additionally, with respect to familial association, Defendants contend that Plaintiff has failed to cure any of the defects noted by the Court. *Id.* (citing 11/21/24 Order at 8).

The Court notes that Plaintiff's opposition fails to address any of Defendants' arguments.

8

(*See* Pl.'s Opp'n at 2.)  In fact, it did not address the sufficiency of the First Amendment claim at all. *Id.*  Despite the Court's prior guidance regarding amending this claim, this cause of action remains devoid of any allegation that Defendants deprived Plaintiff of his relationship with his children. (*See* SAC ¶¶ 31-32.)  Indeed, as previously noted, "Defendants responded to a 911 call regarding an alleged kidnapping and promptly procured an arrest warrant supported by probable cause, which does not shock the conscience." (11/21/24 Order at 8.)

At the hearing, Plaintiff could not explain how Defendants' conduct shocked the conscience.  Thus, the first cause of action is dismissed without leave to amend, because any amendment would be futile.

2.  Unlawful Arrest

The second cause of action is for unlawful arrest in violation of the Fourth Amendment pursuant to § 1983 and is against Defendants Boyd and Flores. (SAC ¶¶ 33-36.)  Specifically, Plaintiff alleges that Defendant Boyd committed perjury when he wrote a warrant for Plaintiff's arrest "knowing [there] was not probable cause to believe Enmanuel Erazo grab[bed] the children by force [and] hit Bessy Murillo['s] boyfriend or br[oke] into Bessy Murillo['s] house." (SAC ¶ 35.)

Defendants move to dismiss this claim on the grounds that Plaintiff fails to allege any facts that suggest the arrest warrant was facially invalid. (Defs.' Mot. at 14.)

"'Normally, the issuance of a warrant ..., which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause [to arrest.]'" *Flynn v. Orange Cnty. Fed. Grand Jury*, 2008 WL 11521970, at *4 (C.D. Cal. May 12, 2008), *report and recommendation adopted*, 2008 WL 4634494 (C.D. Cal. Oct. 17, 2008) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991), *cert. denied*, 505 U.S. 1221, 112 S.Ct. 3032 (1992)).  Based upon this presumption, where an arrest warrant has issued, a police officer is immune from liability unless, "on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue[.]" *Malley v. Briggs*, 475 U.S. 334, 341 (1986).

Here, there is a presumptively valid arrest warrant. (Arrest Warrant, RJN, Ex. A.)  Plaintiff

1   was previously advised that, "[t]o the extent that [he] alleges that Detective Boyd fabricated his
2   affidavit to obtain the arrest warrant, Plaintiff must explain how Defendants knew the information
3   was wrong at the time the warrant was issued." (11/21/24 Order at 10.)
4          In opposition, Plaintiff argues that there was no probable cause because "[a] mother['s]
5   allegation that [a] father leaves the child alone to go to work isn't an exigent circumstance to
6   deprive a father of his rights. [The SAC] provides enough detail to challenge the validity of the
7   warrant procured by the Defendants[.]" (Pl.'s Opp'n at 2.)  To the contrary, the SAC alleges that
8   Murillo placed a 911 call and reported that Plaintiff had taken the children after threatening her
9   and was taking them back to Texas. (911 call description, SAC ¶¶ 16-23.)  Despite the Court's
10  prior guidance, Plaintiff still fails to allege facts to suggest that Defendants knew the information
11  was false at the time the warrant was issued.
12         At the hearing, Plaintiff argued that the officers knew he served Murillo with a family law
13  petition from Texas, so they were aware there was an open case, and they should have followed up
14  on that case before obtaining a warrant and writing the police report.  Mere knowledge of a
15  pending family law matter, without more, does not negate the existence of probable cause based
16  on the facts alleged in the operative complaint and in the Arrest Warrant.  Furthermore, Plaintiff
17  could not provide any facts that would give rise to a plausible inference that Defendants had any
18  reason to know that the information provided by Murillo was false or that she was in violation of a
19  child custody order at the time the arrest warrant was obtained.
20         Accordingly, the third cause of action is dismissed without leave to amend, because any
21  amendment would be futile.
22                          3.   Unlawful Seizure
23         The third cause of action is for unlawful seizure[1] of Plaintiff in violation of the Fourth
24  Amendment based on the pinging of Plaintiff's cell phone to ascertain his location without a
25  warrant. (SAC ¶¶ 36-39.)
26         Defendants again move to dismiss on the grounds that a warrant was not required to ping

---

[1] Obtaining cell phone location data is a search under the Fourth Amendment, rather than a seizure.

Plaintiff's cell phone due to exigent circumstances. (Defs.' Mot. at 16.) Identifying the location of abducted children is an exigent circumstance. *See U.S. v. Brooks,* 367 F.3d 1128, 1135 (9th Cir. 2004) ("[W]e define exigent circumstances as those circumstances that would cause a reasonable person to believe that entry … was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts.") Here, based on Plaintiff's own allegations and admissions, as well as the judicially-noticed Arrest Warrant, Defendants reasonably believed that determining Plaintiff's location via his cell phone "would ensure the safety of a potential kidnapping victim" – the two children Plaintiff took without permission. *See Hill v. City of Fountain Valley*, 70 F.4th 507, 516-17 (9th Cir. 2023) (finding that an "exigent circumstance in investigating a potentially kidnapped woman" justified ordering the suspected kidnappers' family members out of their home). Even so, the validity of the warrantless ping is predicated on the validity of the arrest warrant itself.

Since the arrest warrant is presumed valid, and Plaintiff cannot plead any facts to the contrary, this claim is dismissed without leave to amend.

### 4. Malicious Prosecution[2]

Plaintiff's fourth cause of action is for malicious prosecution in violation of the Fourteenth Amendment pursuant to § 1983. (SAC ¶¶ 40-41.)

While generally alleged as a state law claim, to prevail on a malicious prosecution claim under § 1983, Plaintiff "must show that a government official charged him without probable cause, leading to an unreasonable seizure of his person." *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558, 144 S. Ct. 1745, 1748, 219 L. Ed. 2d 262 (2024) (citing *Thompson v. Clark*, 596 U.S. 36, 43, and n. 2, 142 S.Ct. 1332, 212 L.Ed.2d 382 (2022). Additionally, "[t]o hold investigating police officers liable for malicious prosecution, a plaintiff must overcome the

---

[2] To the extent that Plaintiff is attempting to allege violations of Equal Protection or the Due Process Clause of the Fourteenth Amendment, he was expressly not permitted to add new claims or new parties. (11/21/24 Order at 13.) In any event, the fourth cause of action does not provide a factual basis for any such claims. (SAC ¶¶ 40-41.) Thus, the Court strikes these allegations from the fourth cause of action. (*See* Defs.' Mot. at 19.)

11

1  presumption that the prosecutor exercised independent judgment in bringing criminal charges."
2  *Gonzalez v. Cnty. of Los Angeles*, No. 22-55386, 2023 WL 5951015, at *2 (9th Cir. Sept. 13,
3  2023) (citing *Smiddy v. Varney*, 665 F.2d 261, 266–67 (9th Cir. 1981), *overruled in part on other*
4  *grounds by Hartman v. Moore*, 547 U.S. 250 (2006)).

Here, Plaintiff pleads no facts suggesting that Defendants acted with malice or to suggest that the prosecutor did not exercise independent judgment in filing the criminal charges. Instead, Plaintiff merely alleges that he was "maliciously prosecuted… without probable cause." (SAC ¶ 41.) At the hearing, Plaintiff argued that the police report indicates that the officers were aware of a pending family law petition. This is not enough, and Plaintiff could not cite to any other facts at the hearing that would suggest that Defendants misrepresented the events as they knew them in the police reports or that the prosecutor failed to exercise independent judgment in filing the charges.

Accordingly, Plaintiff fails to state a claim for malicious prosecution, and the Court dismisses this claim without leave to amend, because any amendment would be futile.

### 5. Qualified Immunity

While the § 1983 claims are subject to dismissal on the merits, the Court will address whether Defendants are entitled to qualified immunity. Defendants argue that they are entitled to qualified immunity, because, based on the facts alleged in the operative complaint and in the Arrest Warrant, "no reasonable officer would have considered their actions wrongful in arresting Plaintiff." (Defs.' Mot. at 20.)

"The doctrine of qualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam). When a qualified immunity defense is raised on a motion to dismiss, courts should consider "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable offic[ial] would be aware in light of the specific context of the case." *Keates v. Koile,* 883 F.3d 1228, 1235 (9th Cir. 2018).

Here, Defendants had probable cause to arrest Plaintiff for kidnapping his children. *See*

1  discussion, *supra,* Part III.B.ii.b.2.  To the extent that Plaintiff argued at the hearing that
2  Defendants should have taken the time to investigate the pending family law case in Texas, there
3  was an ongoing kidnapping—with Plaintiff attempting to leave the state—which injected urgency.
4  Indeed, Plaintiff was unable to cite to a single case indicating that it was clearly established that it
5  is unconstitutional to seek an arrest warrant for a suspect in a reported kidnapping, or to effectuate
6  the arrest of that suspect, before investigating any pending family law matters. Generally, we
7  "want law enforcement to be proactive and persistent in investigating a potential ongoing
8  kidnapping" even if they are ultimately mistaken. *Hill v. City of Fountain Valley*, 70 F.4th 507,
9  517 (9th Cir. 2023) (officers entitled to qualified immunity on unlawful arrest claim despite
10 mistaking the plaintiff for suspected kidnapper).

While Plaintiff is correct that the parental relationship enjoys a special status, parental abduction is not an uncommon occurrence. Thus, even if the officers were aware of a formal custody order, Plaintiff should not have engaged in self-help.[3]  Moreover, to the extent that Plaintiff argues that California did not have jurisdiction over his children due to a Texas custody order, the alleged abduction occurred in California, which gives rise to territorial jurisdiction. *See* Cal. Penal Code § 27(a)(1) ("All persons who commit, in whole or in part, any crime within this state" are liable to punishment.).

Thus, while the Court regrets that Plaintiff went through this horrific ordeal, he has not offered any factually analogous case "clearly establishing" that Defendants actions were unlawful under the circumstances. Accordingly, Defendants are entitled to qualified immunity.

        c.  <u>State Law Causes of Action</u>

            1.  Bane Act (Cal. Civil Code § 52.1.)

Plaintiff alleges an unnumbered cause of action for violation of the Bane Act, California Civil Code § 52.1. (SAC ¶¶ 42-43.)  Defendants again move to dismiss this claim on the grounds that it is precluded due to Plaintiff's failure to comply with the claims presentation requirement. (Defs.' Mot. at 20.)

---

[3] Plaintiff does not explain why he waited more than four months after Murillo took his daughters to California, in purported violation of a court order, to engage in self-help.

Under the California Tort Claims Act, a suit for money or damages cannot be brought against a public entity or its employee "until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board...." Cal. Gov. Code § 945.4. "A claim relating to a cause of action for ... injury to person ... shall be presented ... not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2 (a). This applies only to the causes of action brought under state law, including the common law claims; there is no presentation requirement for claims brought under 42 U.S.C. § 1983. *Casey v. City of Santa Rosa*, No. 4:18-cv-07731-KAW, 2019 WL 2548140, at *3 (N.D. Cal. June 20, 2019)

Notwithstanding, a claim may be presented after the six-month period has run by "written application ... to the public entity for leave to present that claim." Cal. Gov. Code § 911.4(a). The application shall be presented to the public entity "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." Cal. Gov. Code § 911.4(b).

In opposition, Plaintiff contends that he complied with the California Tort Claims Act, but he does not address how he did so. (*See* Pl.'s Opp'n at 5.) At the hearing, Plaintiff explained that he attached the claim he sent to the Petaluma Police Department as an exhibit to the SAC. (*See* SAC, Ex. 1.) The purported claim, however, does not satisfy the claims presentation requirement under the California Tort Claims Act.[4] As previously noted, Plaintiff's deadline to file an administrative claim has passed, rendering all state law and common law claims time-barred. (11/21/25 Order at 8.)

Thus, the Court dismisses this claim without leave to amend because it is barred due to Plaintiff's failure to timely comply with the CTCA's claims presentation requirement.

### 2. California Constitution Art. I

While not listed as a cause of action, Plaintiff claims the violation of his rights to happiness, due process, and to protection against unreasonable search and seizure guaranteed by

---

[4] At the hearing, Defense counsel clarified that Plaintiff submitted a complaint against the police officers under the California Penal Code.

14

Article I of the California Constitution. (SAC ¶¶ 48-52.) While Defendants do not explicitly move to dismiss this claim, it is also subject to dismissal for failure to comply with Rule 8(a)(2). *See* discussion, *supra,* Part III.B.i. As was the case in the prior complaint, it is not clear under which section(s) of Article I Plaintiff is bringing his claims, but the paragraphs were labeled "(1)", "(7)", and "(13)". (*See* SAC ¶¶ 48-51.) At the hearing, Plaintiff confirmed that he was bringing claims under Sections 1, 7, and 13. As Plaintiff was previously advised, Sections 7 and 13 do not confer a private right of action. *See Roy v. Cty. of L.A.,* 114 F. Supp. 3d 1030, 1041 (C.D. Cal. 2015) ("sections 7 and 13 do not confer private rights of action for [monetary] damages").

Section 1 proclaims that "[a]ll people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const. art. I, § 1. Plaintiff's alleged Section 1 violation concerned the violation of his right to happiness and privacy. California state courts, however, have not settled the issue of whether monetary damages are available for violations of Section 1. *See Avenmarg v. Humboldt Cnty.*, No. 19-CV-05891-RMI, 2020 WL 4464876, at *11 (N.D. Cal. Aug. 4, 2020) (collecting cases). Even so, to state a claim for violation of privacy, a plaintiff must allege "'(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy.'" *McDonald v. Kiloo ApS*, 385 F. Supp. 3d 1022, 1037 (N.D. Cal. 2019) (quoting *Hill v. NCAA*, 7 Cal. 4th 1 at 39-40 (Cal. 1994)). As discussed above, Plaintiff cannot allege a privacy violation when a valid arrest warrant was issued for kidnapping after he admittedly took his children without Murillo's consent. *See* discussion, *supra,* Part III.B.ii.b.2. Regarding the alleged violation of Plaintiff's right to pursue happiness, courts in this district have found that the right to happiness "merely indicates a principle," rather than conferring a private right of action for damages. *See, e.g., Allen v. Cnty. of Sonoma*, No. 17-CV-00448-YGR, 2017 WL 3593340, at *4 (N.D. Cal. Aug. 18, 2017) (citing *Bates v. Arata*, No. C05-3383 SI, 2008 WL 820578, at *4 (N.D. Cal. Mar. 26, 2008), *order clarified sub nom. Bates v. San Francisco Sheriff's Dep't*, No. C 05-3383 SI, 2008 WL 961153 (N.D. Cal. Apr. 7, 2008).

Accordingly, this claim is dismissed without leave to amend, because any amendment

would be futile.

                              3.    Officer Immunity pursuant to California Government Code

Finally, Defendants argue that the Officers are immune from liability for state law claims pursuant to Government Code §§ 820.2 and 821.6, which immunizes them for their discretionary actions and for actions such as reporting or investigating a crime. (Defs.' Mot. at 23.)

Plaintiff's opposition does not address immunity under the California Government Code. Rather, Plaintiff's immunity arguments pertain to the § 1983 qualified immunity analysis. (*See* Pl.'s Opp'n at 3-5.)

California Government Code § 820.2 grants public employees immunity from any injury resulting from the exercise of the discretion vested in them. This applies to police officers' discretionary decisions to investigate a complaint following a 911 call. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007). Thus, Defendants are entitled to immunity for their criminal investigation of Plaintiff.

The general purpose of § 821.6, however, is to immunize prosecutors from the tort of malicious prosecution. *Leon v. Cnty. of Riverside*, 14 Cal. 5th 910, 921 (2023). While Defendants contend that § 821.6 further immunizes Defendants for their involvement in complaining about and/or investigating allegations of wrongdoing, the California Supreme Court recently held that this section does not protect investigators from liability, because "the conduct of an investigation, without more, is not an actionable institution or prosecution of a legal action." *Id.* at 921. Thus, § 821.6 does not confer immunity for the investigation itself.

Nonetheless, Defendants are separately immune from liability for Plaintiff's state law claims under Government Code § 820.2.

**C.    Related Case**

At the hearing, Defendants asked that the Court dismiss the related case, *Tabora v. Boyd,* 25-cv-00250-KAW, for failure to state a claim under the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915. This was an inappropriate request and is tantamount to an *ex parte* communication, because Ms. Tabora was not present at the hearing. Moreover, the Court denied Plaintiff Tabora's IFP application, and she was ordered to pay a partial filing fee, which she has

done. Payment Record Card, *Tabora v. Boyd,* 25-cv-00250-KAW (N.D. Cal. Feb. 10, 2025), ECF No. 12. Thus, the Court denies this request and will address the sufficiency of the complaint in the related case after Defendants formally appear and file a properly noticed motion.

### IV.     CONCLUSION

For the reasons set forth above, the motion to dismiss is GRANTED in full and without leave to amend, because any amendment would be futile. Judgment in favor of Defendants will be entered separately.

IT IS SO ORDERED.

Dated: May 9, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge